B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>The Cadle Company | DEFENDANTS<br><br>William M. Anderson |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Kroll, McNamara, Evans & Delehanty, LLP<br>65 Memorial Road, Suite 300, West Hartford, CT 06107<br>860-561-7070 | ATTORNEYS (If Known)<br>George C. Tzepos, Esq.<br>444 Middlebury Road, Middlebury, CT 06762<br>203-598-0520 |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Non-dischargeability. 11 USC Sec. 727, 28 USC Sec. 157(a), 28 USC Sec. 1334, 28 USC Sec. 1409(a)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ [1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>William M. Anderson | BANKRUPTCY CASE NO.<br>15-30458 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>New Haven | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>August 5, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>C. Donald Neville, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| _____ ) | CHAPTER 7 | |
| In Re:                                     ) | | |
|                                               ) | | |
| WILLIAM M. ANDERSON,          ) | CASE NO. 15-30458 | |
|                                               ) | | |
|           Debtor.                         ) | | |
| _____ ) | | |
|                                               ) | | |
| THE CADLE COMPANY,            ) | ADV. PROC. NO. _____ | |
|           Creditor.                       ) | | |
|                                               ) | | |
| v.                                          ) | | |
|                                               ) | | |
| WILLIAM M. ANDERSON,          ) | | |
|           Debtor.                         ) | | |
| _____ ) | | |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**
**PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE**

Plaintiff-Creditor THE CADLE COMPANY (the "Plaintiff"), as and for its Complaint against Defendant-Debtor WILLIAM M. ANDERSON (the "Debtor"), respectfully alleges:

## JURISDICTION

1.      On March 27, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (New Haven Division).

2.      This is an adversary proceeding in which the Plaintiff is objecting to the Debtor's discharge under various sub-sections of 11 U.S.C. § 727.

3.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727.

4.     This adversary proceeding is a core proceeding pursuant to 28 U.SC. § 157(a).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6.     Pursuant to Court orders, the deadline for the Plaintiff to object to the Debtor's discharge under 727 (or 523) was extended to August 18, 2016.

## COUNT ONE:      OBJECTION TO DISCHARGE UNDER SECTION 727(a)(3)

1-6.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 6 of this Complaint as if set forth at length herein.

7.     Plaintiff, as assignee of GTT Corp., is a creditor in this case based upon a deficiency judgment in a foreclosure action obtained by GTT Corp., as Trustee of the Oregon Properties Realty Trust, against the Debtor in the total amount of $1,473,544.70. (Main Case, I.D. No. 11.)

8.     Section 727(a)(3) of the Bankruptcy Code provides that:

(a)     The court shall grant the debtor a discharge, unless

(3)     the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

9.     The Debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the

2

Debtor's financial condition or business transactions might be ascertained.

10.    Indeed, the Debtor has testified that he: (a) has absolutely no records at all; (b) he has not maintained any records received after he filed his petition; and (c) has not made efforts to secure documents from third parties.

11.    By virtue of the foregoing, the Debtor's discharge should be denied.


**COUNT TWO:    OBJECTION TO DISCHARGE UNDER SECTION 727(a)(5)**

1-10.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 10 of Count One as if set forth at length herein.

11.    Section 727(a)(5) of the Bankruptcy Code provides that:

(a)    The court shall grant the debtor a discharge, unless

(5)    the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

12.    The Debtor had thousands of dollars in cash prior to the filing.

13.    The Debtor also had assets prior to the filing.

14.    The Debtor has failed to explain satisfactorily the disposition, loss and/or location of any of the cash or the assets.

15.    By virtue of the foregoing, the Debtor's discharge should be denied.


**COUNT THREE:    OBJECTION TO DISCHARGE UNDER SECTION 727(a)(2)**

1-7.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 7

of Count One as if set forth at length herein.

8.     Section 727(a)(2) of the Bankruptcy Code provides that:

(a)     The court shall grant the debtor a discharge, unless

(2)     the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A)     property of the debtor, within one year before the date of the filing of the petition; or

(B)     property of the estate, after the date of the filing of the petition;

9.     The Debtor had thousands of dollars in cash prior to the filing.

10.     The Debtor also had assets prior to the filing.

11.     Alternatively, upon information and belief, the Debtor sold and/or transferred the assets within one year of the filing of the petition and/or after this case was filed.

12.     By virtue of the foregoing, the Debtor's discharge should be denied.

**COUNT FOUR:     OBJECTION TO DISCHARGE UNDER SECTION 727(a)(4)**

1-7.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 7 of Count One as if set forth at length herein.

8.     Section 727(a)(5) of the Bankruptcy Code provides that:

(b)     The court shall grant the debtor a discharge, unless

(4)     the debtor knowingly and fraudulently, in or in connection with the case —

(A)    made a false oath or account;

4

    (B)   presented or used a false claim;

    (C)   gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

    (D)   withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

9.    The Debtor has knowingly and fraudulently, in or in connection with the case, made a false oath or account by, inter alia:

    (a)   Stating and testifying that he lived at 21 Quentin Street, Waterbury, Connecticut;

    (b)   Testifying that he does not live at 2 Silver Pond, Wolcott, Connecticut;

    (c)   Testifying that he was living in a car; and

    (d)   Testifying that he has no interest in Classic Car Restoration (and/or related corporate entities) and has never had any such interest.

10.    By virtue of the foregoing, the Debtor's discharge should be denied.

## **RESERVATION OF RIGHTS**

The Debtor claims to have absolutely no records which has made it difficult for the Plaintiff to uncover necessary documents and information.  Further, the Debtor refused to answer certain questions concerning his residential address.  Finally, Plaintiff has been trying to serve 2004 notices on members of the Debtor's family who have been avoiding service for months

further frustrating efforts to gain the proof it needs to locate the Debtor's undisclosed assets. As such, there may be additional bases to seek to deny the Debtor his discharge. The Plaintiff reserves the right to add additional counts as information and documents are made known.

WHEREFORE, The Cadle Company requests that this Court enter an order for the relief sought herein and such other and further relief as the Court deems just and proper.

Dated at West Hartford, Connecticut this 5th day of August, 2016.

MOVANT, THE CADLE COMPANY

By:   /s/ C. Donald Neville
         C. Donald Neville
         Federal Bar No CT24001
         KROLL, McNAMARA, EVANS
         & DELEHANTY, LLP
         65 Memorial Road, Suite 300
         West Hartford, CT 06107
         Phone: (860) 561-7070
         Fax: (860) 561-7075
         Its Attorneys